FOX ROTHSCHILD LLP
Carolyn D. Richmond, Esq.
Alexander W. Leonard, Esq.
Raquel A. Gutiérrez, Esq.
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7918
(212) 692-0940 (fax)
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMON MOHAMED LAHLOU, *individually and on behalf of others similarly situated,*<br><br>       *Plaintiff,*<br><br>    -against-<br><br>PAYAM INC. D/B/A COLBEH RESTAURANT, AND PEJAMN TOOBIAN,<br><br>       *Defendants.* | Civil Action No. 16-cv-8745 (RJS)<br><br>ECF Case<br><br>**<u>ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>** |

TO: Walker G. Harman, Jr., Esq.
   Owen H. Laird, Esq.
   THE HARMAN FIRM, LLP
   *ATTORNEYS FOR PLAINTIFF*
   220 Fifth Avenue, Suite 900
   New York, New York 10001
   (212) 425-2600

Defendants Payam Inc. (d/b/a Colbeh Restaurant) (hereinafter "Colbeh") and Pejman Toobian (incorrectly named in the Complaint as "Pejamn Toobian") (collectively "Defendants") by and through their attorneys, Fox Rothschild LLP, hereby answer the Complaint of Plaintiff Simon Mohamed Lahlou ("Plaintiff") filed November 10, 2016 (the "Complaint"), as follows.

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated any law and/or that they harmed Plaintiff in any way.

**NATURE OF ACTION**

1.      Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2.      Defendants admit that Plaintiff purports to assert a Fair Labor Standards Act ("FLSA") collective action on behalf of himself and all others similarly situated as stated in Paragraph 2 of the Complaint.  Defendants affirmatively deny that they violated the law, that Plaintiff is entitled to any damages or claim for relief, or that there are any similarly situated individuals to Plaintiff.

3.      Defendants admit that Plaintiff purports to assert a New York State Labor Law ("NYLL") collective action on behalf of himself and all others similarly situated as stated in Paragraph 3 of the Complaint.  Defendants affirmatively deny that they violated the law, that Plaintiff is entitled to any damages or claim for relief, or that there are any similarly situated individuals to Plaintiff.

4.      Defendants admit that Plaintiff purports to assert retaliation claims under the FLSA and NYLL as stated in Paragraph 4 of the Complaint.  Defendants affirmatively deny that they violated the law, or that Plaintiff is entitled to any damages or claim for relief.

**JURISDICTION AND VENUE**

5.      In response to the allegations set forth in Paragraph 5 of the Complaint, Defendants admit that this Court has subject matter jurisdiction over claims brought under the FLSA pursuant to the cited provisions, but deny that any violation of the FLSA has occurred.

6.      In response to the allegations set forth in Paragraph 6 of the Complaint, Defendants admit that this Court has subject matter jurisdiction over claims brought under the

FLSA, deny that the Court can or should exercise supplemental jurisdiction over Plaintiff's state law claims.

7.     In response to the allegations set forth in Paragraph 7 of the Complaint, to the extent jurisdiction is properly exercised, Defendants admit that venue properly lies in this District.

## PARTIES

8.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.     Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

## COVERAGE UNDER FLSA

11.     The allegations set forth in Paragraph 11 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.     The allegations set forth in Paragraph 12 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.     The allegations set forth in Paragraph 13 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14.     The allegations set forth in Paragraph 14 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16.     The allegations set forth in Paragraph 16 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

17.     Defendants admit that Plaintiff purports to proceed on behalf of himself and "others who currently or formerly worked as tipped employees" pursuant to the statutory provision recited in Paragraph 17 of the Complaint, however Defendants deny the existence of any putative collective and/or similarly situated individuals and further deny that they violated the law and deny that Plaintiff is entitled to any damages or claim for relief.

18.     The allegations set forth in Paragraph 18 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     The allegations set forth in Paragraph 19 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20.     The allegations set forth in Paragraph 20 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 20 of the Complaint, including each and every subparagraph therein, <u>i.e.</u> subparagraphs "(a)" through and including "(d).".

21.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.     The allegations set forth in Paragraph 24 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 24 of the Complaint, including each and every subparagraph therein, i.e. subparagraphs "(a)" through and including "(g)."

## CLASS ACTION ALLEGATIONS

25.     Defendants admit that Plaintiff purports to proceed on behalf of himself and "all current and former hourly, non-exempt servers and other tipped employees" pursuant to the statutory provision recited in Paragraph 25 of the Complaint, however Defendants deny the existence of any putative class and/or similarly situated individuals and further deny that they violated the law and deny that Plaintiff is entitled to any damages or claim for relief.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     The allegations set forth in Paragraph 32 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 32 of the Complaint, including each and every subparagraph therein, i.e. subparagraphs "(a)" through and including "(g)."

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

## STATEMENT OF FACTS

39.     Defendants admit the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendants admit the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint, including each and every subparagraph therein, i.e. subparagraphs "(a)" through and including "(b)."

64.     Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.     The allegations set forth in Paragraph 65 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66.     The allegations set forth in Paragraph 66 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.     The allegations set forth in Paragraph 67 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of the FLSA

78.     Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 77 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.     The allegations set forth in Paragraph 81 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

## SECOND CAUSE OF ACTION
## Unpaid Overtime in Violation of the FLSA

87.     Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 86 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     The allegations set forth in Paragraph 89 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

## THIRD CAUSE OF ACTION
## Tip Pooling in Violation of the FLSA

94.     Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 93 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97.     The allegations set forth in Paragraph 97 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

**FOURTH CAUSE OF ACTION**
**Retaliation in Violation of the FLSA**

103.    Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 102 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

104.    The allegations set forth in Paragraph 104 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

**FIFTH CAUSE OF ACTION**
**Failure to Pay Minimum Wage in Violation of the NYLL**

109.    Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 108 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

110.    Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111.     The allegations set forth in Paragraph 111 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112.     Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

113.     Defendants deny the allegations set forth in Paragraph 113 of the Complaint.

114.     Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115.     Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

116.     Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

**SIXTH CAUSE OF ACTION**
**Unpaid Overtime in Violation of the NYLL**

117.     Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 116 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

118.     Defendants deny the allegations set forth in Paragraph 118 of the Complaint.

119.     The allegations set forth in Paragraph 119 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 119 of the Complaint.

120.     Defendants deny the allegations set forth in Paragraph 120 of the Complaint.

121.     Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

122.     Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123.     Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

## SEVENTH CAUSE OF ACTION
## Tip Pooling in Violation of the NYLL

124.    Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 123 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

125.    Defendants deny the allegations set forth in Paragraph 125 of the Complaint.

126.    The allegations set forth in Paragraph 126 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations set forth in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations set forth in Paragraph 131 of the Complaint.

## EIGHTH CAUSE OF ACTION
## Retaliation in Violation of the NYLL

132.    Defendants repeat, reiterate and reallege each and every response contained in Paragraphs 1 through 131 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

133.    The allegations set forth in Paragraph 133 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations set forth in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

136. Defendants deny the allegations set forth in Paragraph 136 of the Complaint.

137. Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

138. In response to this paragraph and sub-paragraphs "(A)" through and including "(I)" that follow the phrase "WHEREFORE, Plaintiff respectfully requests the following relief:" Defendants deny the allegations set forth in that paragraph and all of the sub-paragraphs and affirmatively aver that neither Plaintiff nor any individual or group whom Plaintiff purports to represent are entitled to any of the relief requested or any other relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## FIRST AFFIRMATIVE DEFENSE

139. The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

140. The Complaint, and each claim purported to be alleged therein, is barred in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel, waiver, and/or avoidable consequences.

## THIRD AFFIRMATIVE DEFENSE

141. To the extent Plaintiff and putative collective members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## FOURTH AFFIRMATIVE DEFENSE

142.    At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

## FIFTH AFFIRMATIVE DEFENSE

143.    With respect to some or all of the claims brought or allegedly brought by the Plaintiff on behalf of himself and/or on behalf of any putative collective action, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

## SIXTH AFFIRMATIVE DEFENSE

144.    Plaintiff cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. § 216(b) because, *inter alia*, Plaintiff is not similarly situated to the putative collective.

## SEVENTH AFFIRMATIVE DEFENSE

145.    Plaintiff's and/or the putative collective action members' claims are barred, in whole or in part, by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

146.    Plaintiff and/or the putative collective action members are precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff or the putative collective action members all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the

New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

## NINTH AFFIRMATIVE DEFENSE

147.    Plaintiff may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiff or any alleged member of any putative collective action, the existence of which Defendants affirmatively denies; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## TENTH AFFIRMATIVE DEFENSE

148.    Plaintiff and all putative collective action members are precluded from recovering any amounts from Defendants for failure to pay compensation for hours worked because such time was worked without manager knowledge or approval.

## ELEVENTH AFFIRMATIVE DEFENSE

149.    The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law or other state laws.

## TWELFTH AFFIRMATIVE DEFENSE

150.    The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

151.    Plaintiff's and the putative collective action members' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because

actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## FOURTEENTH AFFIRMATIVE DEFENSE

152.    Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exclusions, exceptions, offsets or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

## FIFTEENTH AFFIRMATIVE DEFENSE

153.    Plaintiff's claims are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947 and/or New York law.

## SIXTEENTH AFFIRMATIVE DEFENSE

154.    Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

## SEVENTEENTH AFFIRMATIVE DEFENSE

155.    Plaintiff's and the putative collective action members' claims are barred by the doctrine of res judicata and collateral estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

156.    The Court lacks personal jurisdiction over one or more Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

157.     All affirmative defenses set forth in the New York Wage Theft Prevention Act including but not limited to Defendants having made complete and timely payment of all wages due.

## TWENTIETH AFFIRMATIVE DEFENSE

158.     All affirmative defenses provided by Section 195 of the New York Labor Law and all statutory affirmative defenses to New York State record keeping requirements.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

159.     To the extent any members of the putative classes have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

160.     Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

161.     The Complaint should be dismissed as to the individual Defendants because they were not the employer of Plaintiff or any other allegedly similarly situated person under the FLSA, New York Labor Law, or any other law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

162.     Neither liquidated damages nor attorneys' fees may be awarded under New York State Labor Law § 196-d on a claim for unpaid gratuities because gratuities are neither a wage nor a wage supplement.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

163.     Plaintiff's claims for liquidated damages violates Defendants' rights to due process of law, to equal protection of the law, the right to be free from the unlawful taking of property, the right to be free of excessive fines and all other substantive procedural protections of the Constitutions applicable to liquidated damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

164.     The relief that Plaintiff seeks in the Complaint is barred, in whole or in part, because Plaintiff lacks standing to obtain such relief.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

165.     There is no causal relation between the alleged acts of Defendants and any injury or damage allegedly suffered by Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

166.     Plaintiff's claims for damages are barred to the extent that said claims are speculative in nature.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

167.     Neither liquidated damages nor attorneys' fees may be awarded under New York State Labor Law § 196-d on a claim for unpaid gratuities because gratuities are neither a wage nor a wage supplement.

## THIRTIETH AFFIRMATIVE DEFENSE

168.     Subject to proof in discovery, the damages claims contained in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate his damages.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

169.     Plaintiff's alleged injuries, sufferings and damages, if any, were caused by Plaintiff's own acts, omissions, or conduct.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

170.    The claims alleged by Plaintiff are neither common nor typical of those, if any, of the members of the putative Class of persons whom they purport to represent, the existence of which Defendants expressly deny.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

171.    Plaintiff is an inadequate representative of the putative Class of persons whom he purports to represent, the existence of which Defendants expressly deny.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

172.    The types of claims alleged by Plaintiff and/or the types of relief sought by Plaintiff are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

173.    Certain of the interests of Plaintiff and members of the putative Class of persons whom he purports to represent are in conflict with the interests of certain sub-groups of that alleged Class, the existence of which Defendants expressly deny.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

174.    Plaintiff's retaliation claims are defective to the extent he did not engage in any protected activity.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

175.    Plaintiff's retaliation claims are defective to the extent that any employment-related actions taken subsequent to his purported protected activity were taken for legitimate non-retaliatory reasons, and/or were not reasonably likely to dissuade a reasonable employee from engaging in protected activity.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

176. Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to them through discovery.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, having fully answered and responded to the allegations of the Complaint, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff as follows:

(A)     Dismiss all Plaintiff's claims in their entirety and with prejudice;

(B)     Deny each and every request for relief sought by Plaintiff in his Complaint;

(C)     Enter judgment against Plaintiff and for Defendants;

(D)     Award Defendants their costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

(E)     Grant Defendants such other and relief as this Court may deem just and proper.


Dated:  New York, New York            FOX ROTHSCHILD LLP
        February 3, 2017


                                      By: _____s/Alexander W. Leonard_____
                                          Carolyn D. Richmond
                                          Alexander W. Leonard
                                          Raquel A. Gutiérrez
                                      100 Park Avenue, Suite 1500
                                      New York, New York 10017
                                      (212) 878-7900

                                      *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Alexander W. Leonard, an attorney admitted to practice in this Court, hereby state that on February 3, 2017, I caused a true and correct copy of Defendants' Answer to Plaintiffs' Complaint and Payam Inc.'s Federal Rule of Civil Procedure 7.1 Corporate Disclosure Statement to be filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing upon the following parties:

Walker G. Harman, Jr., Esq.
Owen H. Laird, Esq.
THE HARMAN FIRM, LLP
*ATTORNEYS FOR PLAINTIFF*
220 Fifth Avenue, Suite 900
New York, New York 10001
(212) 425-2600

<u>s/ Alexander W. Leonard</u>
Alexander W. Leonard